UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

Civil Action No. 05-193

JAMES GUY,                                                      PLAINTIFF,

v.              MEMORANDUM OPINION AND ORDER

FORD MOTOR COMPANY
and
BOYD COUNTY FORD, INC.,                          DEFENDANTS.

This matter is before the Court upon the Defendant Boyd County Ford,

Inc.'s Motion to Dismiss [Docket No. 5].   The Plaintff has responded to the

motion [Docket No. 15] and this matter now stands ripe for decision.

I.      Facts

Plaintiff James Guy alleges that on or about December 24, 2003, he

purchased a new 2004 Ford F150 4x4 extended cab pickup truck from

Defendant Boyd County Ford.  The Complaint further alleges that beginning

in early 2004, Plaintiff began experiencing problems with the vehicle, such as

vibrations, water leaking from the cab light and popping noises.    Plaintiff

maintains that he returned it to the dealer on six occasions between January

2004 and April 2005 for repairs.  Plaintiff contends that, to date, the vehicle

has not yet been repaired and still has noticeable vibrations.

On October 20, 2005, Plaintiff filed this civil action against the vehicle's manufacturer, Ford Motor Company and the dealer, Boyd County Ford, Inc., alleging violation of consumer product warranties pursuant to 15 U.S.C. § 2304, breach of implied warranty of merchantability, fraud and negligence [Docket No. 1].

Defendant Boyd County Ford seeks dismissal of all claims against it.

## II.   Standard of Review

The purpose of a motion to dismiss is to allow defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief. *See, Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).

For purposes of dismissal pursuant to Fed. R. Civ. P 12(b)(6), the complaint must be construed in the light most favorable to the nonmoving party and its allegations taken as true. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). The test for dismissal is a stringent one. "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also, Monette v. Electronic Data*

2

*Systems, Corp.*, 90 F.3d 1173, 1189 (6th Cir. 1996). Consequently, a complaint

will not be dismissed unless there is no law to support the claims made, the facts

alleged are insufficient to state a claim, or there is an insurmountable bar on the

face of the complaint. Because a motion to dismiss is based solely upon the

complaint, the focus is on whether the plaintiff is entitled to offer evidence to

support the claims, rather than whether the plaintiff will ultimately prevail. *See,*

*Roth Steel Prods v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983).

## III.  Analysis

Counts I and II of Plaintiff's Complaint allege violation of consumer

product warranties pursuant to 15 U.S.C. § 2304 and breach of implied

warranty of merchantability, respectively.

With regard to the alleged breach of consumer product warranties, it is

unclear from the Complaint whether Plaintiff asserts this claim against Boyd

County Ford as Count I does not refer to this Defendant.   Even if the Court

were to assume that Plaintiff brings this claim against this  Defendant, the

Court finds that he has not stated a proper cause of action against Boyd

County Ford under 15 U.S.C. § 2304.   The statute applies only to those

individuals or entities which provide a written warranty.  In this case,

3

Defendant Boyd County Ford is not a party to the warranty agreement at issue. It appears to be an agreement between the consumer and the manufacturer. In fact, Defendant Boyd County Ford explicitly disclaimed the warranties of the manufacturer in a document entitled "Dealer Warranty Disclaimer" which was signed by Plaintiff at the time of purchase [Exhibit 1 to Docket No. 5]. Nor did Defendant Boyd County Ford  provide any additional written warranties appurtenant to the purchase of the vehicle. As such, Plaintiff cannot maintain this claim against Defendant Boyd County Ford.

As for Count II of the Complaint, it refers only to Defendant Ford Motor Company.   As a motion to dismiss is based solely upon the Complaint, it seems that Count II cannot be read to state a claim against Defendant Boyd County Ford. Even assuming, *arguendo*, that Plaintff had properly alleged a breach of the implied warranty of merchantability against this Defendant, that claim would fail as a matter of law. As noted above, Defendant Boyd County Ford explicitly disclaimed all warranties. As a general matter, such disclaimers are valid so long as they are conspicuous. *See* KRS 355.2-316(2) and KRS 3-555.1-201(10). *See also, Cline v. Allis-*

4

*Chalmers Corp., et al.,* 690 S.W.2d 764, 768 (Ky. App. 1985).

Notably, in his response to the motion to dismiss, Plaintiff does not address the claims asserted in Count II or Count II of the Complaint but, rather, refers to a "breach of contract."   Further, Plaintff does not contend that the dealer's disclaimer was not conspicuous but, rather, maintains that such "blanket disclaimers" should be void as a matter of "public policy" [Docket No. 15].  Such arguments are for the legislature.  This Court is bound by the existing law  which clearly recognizes the type of disclaimer provided by Defendant Boyd County Ford in this case.

Even given the relatively lenient standard of review with regard to Plaintiff's claims, the Court finds that there is no law to support the claims made against Defendant Boyd County Ford in Counts I and II of the Complaint.

Plaintiff's fraud claim against Boyd County Ford fairs no better.  To prove fraud under Kentucky law, Plaintiffs must establish by clear and convincing evidence that (1) the Defendant made a material representation (2) that was false and (3) which  it knew was false or made recklessly (4) with the intent of inducing action on the Plaintiffs' part and (5) upon which Plaintiffs did act in reliance

5

thereon (6) to their detriment. *United Parcel Service Co. v. Rickert,* 996 S.W. 2d 464, 480 (Ky. 1999).

In Count III of his Complaint, Plaintiff states "the dealership had a duty to disclose any material defects to the vehicle, in which none were disclosed" [Paragrapgh 18, Docket No. 1]. This conclusory statement hardly rises to the level of particularity required when pleading fraud. Nor does the "Background" portion of Plaintiff's Complaint provide the requisite allegations of materiality, recklessness or intent to induce Plaintiff [Paragraphs 6-12, Docket No. 1]. The facts alleged are insufficient to state a claim of fraud against Boyd County Ford.

Finally, in Count IV of his Complaint, Plaintiff alleges negligence in the manufacturing and repair of the subject vehicle. Unlike fraud, negligence need not be plead with particularity. The Court finds that the facts alleged are sufficient to state a claim of negligence against Boyd County Ford and that Plaintiff is entitled to offer evidence in support of the same. However, the question of the merit of this claim may be re-visited by way of a dispositive motion after discovery has been completed.

6

## IV.   Conclusion

Accordingly, **IT IS HEREBY ORDERED** that  Defendant Boyd County Ford, Inc.'s Motion to Dismiss [Docket No. 5] be **SUSTAINED** insofar as it pertains to Counts I, II and III of Plaintiff's Complaint and **OVERRULED** as it pertains to Count IV of Plaintiff's Complaint.

**IT IS FURTHER ORDERED** that Counts I, II and III on the Plaintiff's Complaint be **DISMISSED WITH PREJUDICE** as they pertain to Defendant Boyd County Ford, Inc.

This ___*17*___ day of April, 2006.

_____

Henry R. Wilhoit, Jr., Senior Judge